AO 106A  (08/18)  Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

Western District of Washington

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>The subject premises of 16028 44th Ave. W, #21,<br>Lynnwood, WA, 98087, and subject person Yoshinobu<br>James Kittley further described in Attachments A-2 & A-3 | Case No.  MJ18-450 |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

The subject premises and subject person as further described in Attachment A-2 & A-3, which are attached hereto and incorporated herein by this reference.

located in the _____ Western _____ District of _____ Washington _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, which is attached hereto and incorporated herein by this reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 21, USC § 841 (a) and (b) | Possession of Controlled Substances with Intent to Distribute, and Distribution of Controlled Substances |

The application is based on these facts:

See attached Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's  signature*

Ly Tran, Special Agent, HSI
_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____ telephone _____ *(specify reliable electronic means).*

Date:  _____ 09/26/2018 _____

_____
*Judge's signature*

City and state:  Seattle, Washington

Brian A. Tsuchida, United States Magistrate Judge
_____
*Printed name and title*

USAO #2018R01154

## ATTACHMENT A-2
## SUBJECT PREMISES

The place to be searched is 16028 44th Ave W Apartment #21, Lynnwood, WA 98087. Apartment #21 is located within The Martin at Meadowdale complex.  Apartment #21 is located on the first floor of the building located on the west side of the complex. The building is a two-story structure that is blue in color with white trim.  Apartment #21 has a black in color door, with the number 21, in white, located on the door.  The door to Apartment #21 faces south toward the parking lot.



ATTACHMENT A-2 - 1
USAO #2018R01154

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970



09/12/2018 13:53

ATTACHMENT A-2 - 2
USAO #2018R01154

**ATTACHMENT A-3**

**PERSON TO BE SEARCHED**

This warrant authorizes the search of the person of YOSHINOBU JAMES

KITTLEY, the person associated with 16028 44th Ave. W., #21, Lynnwood, WA, 98087.



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# ATTACHMENT B

## LIST OF ITEMS TO BE SEARCHED AND SEIZED

This warrant authorizes the government to search for the following items:

Evidence and/or fruits of the commission of the following crimes:  Distribution and Possession with Intent to Distribute Controlled Substances, to wit, fentanyl, in violation of 21 U.S.C. § 841(a)(1).

1.      Controlled Substances:  Including but not limited to fentanyl, cocaine, MDMA and carfentanil.

2.      Drug Paraphernalia:  Items used, or to be used, to store, process, package, use, and/or distribute controlled substances, such as plastic bags, cutting agents, scales, measuring equipment, tape, hockey or duffel bags, chemicals or items used to test the purity and/or quality of controlled substances, and similar items.

3.      Drug Transaction Records:  Documents such as ledgers, receipts, notes, and similar items relating to the acquisition, transportation, and distribution of controlled substances.

4.      Customer and Supplier Information:  Items identifying drug customers and drug suppliers, such as telephone records, personal address books, correspondence, diaries, calendars, notes with phone numbers and names, "pay/owe sheets" with drug amounts and prices, maps or directions, and similar items.

5.      Cash and Financial Records:  Currency and financial records, including bank records, safe deposit box records and keys, credit card records, bills, receipts, tax returns, vehicle documents, and similar items; and other records that show income and expenditures, net worth, money transfers, wire transmittals, negotiable instruments, bank drafts, cashier's checks, and similar items, and money counters.

6.      Photographs/Surveillance:  Photographs, video tapes, digital cameras, surveillance cameras and associated hardware/storage devices, and similar items, depicting property occupants, friends and relatives of the property occupants, or suspected buyers or sellers of controlled substances, controlled substances or other contraband, weapons, and assets derived from the distribution of controlled substances.

7.      Weapons:  Including but not limited to firearms, magazines, ammunition, and body armor.

ATTACHMENT B - 1
USAO #2018R01154

8.      Codes:  Evidence of codes used in the distribution of controlled substances, including but not limited to passwords, code books, cypher or decryption keys, bitcoin wallet addresses, usernames and/or credentials for dark web marketplaces, and similar information.

9.      Property Records:  Deeds, contracts, escrow documents, mortgage documents, rental documents, and other evidence relating to the purchase, ownership, rental, income, expenses, or control of the premises, and similar records of other property owned or rented.

10.     Indicia of occupancy, residency, and/or ownership of assets including, but not limited to, utility and telephone bills, canceled envelopes, rental records or payment receipts, leases, mortgage statements, and other documents.

11.     Evidence of Storage Unit Rental or Access:  rental and payment records, keys and codes, pamphlets, contracts, contact information, directions, passwords or other documents relating to storage units.

12.     Evidence of Personal Property Ownership:  Registration information, ownership documents, or other evidence of ownership of property including, but not limited to vehicles, vessels, boats, airplanes, jet skis, all-terrain vehicles, RVs, and personal property; evidence of international or domestic travel, hotel/motel stays, and any other evidence of unexplained wealth.

13.     Individual and business financial books, records, receipts, notes, ledgers, diaries, journals, and all records relating to income, profit, expenditures, or losses, such as:
        a.      Employment records:  paychecks or stubs, lists and accounts of employee payrolls, records of employment tax withholdings and contributions, dividends, stock certificates, and compensation to officers.
        b.      Savings accounts:  statements, ledger cards, deposit tickets, register records, wire transfer records, correspondence, and withdrawal slips.
        c.      Checking accounts:  statements, canceled checks, deposit tickets, credit/debit documents, wire transfer documents, correspondence, and register records.
        d.      Loan Accounts:  financial statements and loan applications for all loans applied for, notes, loan repayment records, and mortgage loan records.
        e.      Collection accounts:  statements and other records.
        f.      Certificates of deposit:  applications, purchase documents, and statements of accounts.
        g.      Credit card accounts:  credit cards, monthly statements, and receipts of use.

ATTACHMENT B - 2
USAO #2018R01154

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

h.      Receipts and records related to gambling wins and losses, or any other contest winnings.

i.      Insurance:  policies, statements, bills, and claim-related documents.

j.      Financial records:  profit and loss statements, financial statements, receipts, balance sheets, accounting work papers, any receipts showing purchases made, both business and personal, receipts showing charitable contributions, and income and expense ledgers.

14.    All bearer bonds, letters of credit, money drafts, money orders, cashier's checks, travelers checks, Treasury checks, bank checks, passbooks, bank drafts, money wrappers, stored value cards, and other forms of financial remuneration evidencing the obtaining, secreting, transfer, and/or concealment of assets and/or expenditures of money.

15.    All Western Union and/or Money Gram documents and other documents evidencing domestic or international wire transfers, money orders, official checks, cashier's checks, or other negotiable interests that can be purchased with cash,  to include applications, payment records, money orders, frequent customer cards, etc.

16.    Negotiable instruments, jewelry, precious metals, financial instruments, and other negotiable instruments.

17.    Documents reflecting the source, receipt, transfer, control, ownership, and disposition of United States and/or foreign currency.

18.    Correspondence, papers, records, and any other items showing employment or lack of employment.

19.    Telephone books, and/or address books, facsimile machines, any papers reflecting names, addresses, telephone numbers, pager numbers, cellular telephone numbers, facsimile, and/or telex numbers, telephone records and bills relating to co-conspirators, sources of supply, customers, financial institutions, and other individuals or businesses with whom a financial relationship exists. Also, telephone answering devices

ATTACHMENT B - 3
USAO #2018R01154

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

that record telephone conversations and the tapes therein for messages left for or by co-conspirators for the delivery or purchase of controlled substances or laundering of drug proceeds.

20.    Safes and locked storage containers, and the contents thereof which are otherwise described in this document.

21.    Tools:  Tools that may be used to open hidden compartments in vehicles, paint, bonding agents, magnets, or other items that may be used to open/close said compartments.

22.    Any and all mailing documents and packaging materials related to U.S. Postal Service to include USPS Express Mail labels, express mail and priority envelopes, first class mailings, receipts for USPS packages, and tracking information.

23.    Cell Phones: Cellular telephones and other communications devices may be seized, and searched only for the following items:

a.    Assigned number and identifying telephone serial number (ESN, MIN, IMSI, or IMEI);
b.    Stored list of recent received, sent, and missed calls;
c.    Stored contact information;
d.    Photographs related to the aforementioned crimes of investigation, or photographs that may show the user of the phone and/or co-conspirators, including any embedded GPS data associated with these photographs; and
e.    Stored text messages, as well as any messages in any internet messaging apps, including but not limited to Facebook Messenger, iMessage, Wikr, Telegram, Signal, WhatsApp, Kik, and similar messaging applications, related to the aforementioned crimes of investigation or that may show the user of the phone and/or co-conspirators, including Apple iMessages, Blackberry Messenger messages or other similar messaging services where the data is stored on the telephone.

ATTACHMENT B - 4
USAO #2018R01154

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**AFFIDAVIT OF LY TRAN**

STATE OF WASHINGTON )
) ss
COUNTY OF KING )

I, Ly Tran, a Special Agent with the Homeland Security Investigations, Seattle, Washington, having been duly sworn, state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I am a Special Agent with Homeland Security Investigations (HSI) currently assigned to the Border Enforcement Security Task Force in Seattle, Washington.  I have been employed by HSI, formerly known as Immigration and Customs Enforcement since May 2005.  Prior to my employment with HSI, I was a Parole Officer for the State of Washington Department of Correction for approximately four years.

2.      I have completed the Criminal Investigators Training Program and Immigration and Customs Enforcement Special Agent Training at the Federal Law Enforcement Training Center in Glynco, Georgia.  I have also completed the Drug Enforcement Administration Basic Drug Enforcement Training.  I am familiar with investigations of drug trafficking organizations, methods of importation and exportation, distribution and smuggling of controlled substances, and financial and money laundering investigations.  I have participated in numerous investigations involving organizations trafficking in controlled substances, including fentanyl, ecstasy, marijuana, and cocaine, which have resulted in the arrest of drug traffickers and seizures of controlled substances and currency.  I have participated in the execution of search warrants for controlled substances; and have personally been involved in the seizures of controlled substances.

3.      I am an investigative or law enforcement officer of the United States within the meaning of Section 2510 of Title 18, United States Code, that is an officer of the United States who is empowered by law to conduct investigation of, or to make arrest for, offenses enumerated in Title 18, United States Code, Section 2516.

Affidavit of SA Ly Tran - 1
USAO #2018R01154

4.      I have participated in this investigation since September 2018.  The information in this Affidavit is based upon the investigation that I have conducted in this case, my conversations with other law enforcement officers who have engaged in various aspects of this investigation, and my review of reports written by other law enforcement officers involved in this investigation.  Because this Affidavit is being submitted for the limited purpose of securing search warrants, I have not included each and every fact known to me concerning this investigation.  I have set forth only those facts that I believe are relevant to a determination of probable cause to support the issuance of the requested warrants.  When the statements of others are set forth in this affidavit, they are set forth in substance and in part.

5.      From my training and experience, I am aware that the United States Postal Service (USPS) mail system is often used to transport controlled substances and/or the proceeds from the sales of controlled substances throughout the United States.  I have learned and observed that sometimes drug traffickers put controlled substances and proceeds in the same package.

## PURPOSE OF AFFIDAVIT

6.      This affidavit is submitted in support of an application for an anticipatory search warrant for the following location and person:

a.   6028 44th Ave W Apartment #21, Lynnwood, WA 98087.  Apartment #21 (the "SUBJECT PREMISES)," further described in Attachment A-2, which is incorporated herein by reference; and

b.   The person of YOSHINOBU JAMES KITTLEY, further described in Attachment A-3, which is incorporated by reference.

7.      As described in Attachment A-1, SUBJECT PARCEL 1 and SUBJECT PARCEL 2 are two international mail parcels.  These parcels have been prepared by me and U.S. Postal Inspector Michael Fischlin in Seattle, Washington with the fentanyl that was originally inside each parcel removed and replaced with sham narcotics.  A United States Postal Inspector will deliver SUBJECT PARCEL 1 and SUBJECT PARCEL 2 to

Affidavit of SA Ly Tran - 2
USAO #2018R01154

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the SUBJECT PREMISES.   Once either SUBJECT PARCEL 1 or SUBJECT PARCEL 2 is delivered to the SUBJECT PREMISES, the search warrant for the SUBJECT PREMISES as described above and in Attachment A-2, will be executed.

8.       As discussed above, law enforcement will attempt to deliver the SUBJECT PARCEL1 and SUBJECT PARCEL 2 to the SUBJECT PREMISES.  This affidavit seeks permission to search the SUBJECT PREMISES on the condition that someone at the SUBJECT PREMISES takes either SUBJECT PARCEL 1 or SUBJECT PARCEL 2 into the SUBJECT PREMISES.

9.       For the SUBJECT PREMISES, the requested authority to search extends to all parts of the property, including all storage areas associated with the residence, such as on-site storage lockers, garages, detached storage sheds, and parking stalls, or safes located on the property, whether locked or not, and the person of individuals present, where the items described in Attachment B,  (list of items to be seized) could be found.

10.      As set forth below, there is probable cause to believe that the SUBJECT PREMISES will contain evidence of possession of controlled substances, and distribution of controlled substances, in violation of Title 21, United States Code, Sections 841(a) and (b).  I seek authorization to search and seize the items specified in Attachment B, which is incorporated herein by reference.

11.      There also is probable cause to believe that YOSHINOBU JAMES KITTLEY is involved in drug trafficking, regardless of whether SUBJECT PARCEL1 and SUBJECT PARCEL 2 are delivered.  I seek authorization to search his person for the items specified in Attachment B, which is incorporated herein by reference.

## SUMMARY OF INVESTIGATION

### A.      U.S. Customs & Border Protection Search of Parcels

12.      On September 3, 2018, a United States Postal Service mail parcel (SUBJECT PARCEL 1) coming from China arrived at the San Francisco International Mail Center with tracking number LY607617434CN.  The sending address listed on SUBJECT PARCEL 1 was Lengxiang Shenzhen City Shangtu Niu Jia Technology Ltd.,

Affidavit of SA Ly Tran - 3
USAO #2018R01154

Fyong Xing Yi Road, Phoenix Street, Garden Building C 2605, Shenshen, Guangdong 518000.  The receiver of SUBJECT PARCEL 1 was listed as "YOSHINOBU KITTLEY, 16028 44th Ave. W., #21, Lynnwood, WA, 98087."  Pursuant to the border search authority, Customs and Border Protection (CBP) Officers examined the SUBJECT PARCEL 1.  It was found to contain a foil bag.  Inside the foil bag was a clear plastic bag containing an unknown white powder weighing 31 grams including packaging material (plastic bags).

13.     On September 5, 2018, CBP Officers used the Thermo Scientific GEMINI model TFCMNM100 to gather spectra data from the unknown white powder substance of SUBJECT PARCEL 1.  The spectra data was analyzed by the GEMINI and returned a presumptively positive match to Methoxyacetyl Fentanyl, a Schedule I Controlled Substance.

14.     On September 12, 2018, CBP Officers verified the weight of the Methoxyacetyl Fentanyl as 31 grams.  The Officers seized SUBJECT PARCEL 1 and transferred it to HSI Seattle for further investigation.

15.     On September 17, 2018, CBP Officers at Chicago International Mail Branch intercepted an international parcel number LY621389287CN (SUBJECT PARCEL 2), intended for delivery to YOSHINOBU JAMES KITTLEY.  The receiver of SUBJECT PARCEL 2 was listed as "Bo Kittley, 16028 44th Ave. W., #21, Lynnwood, WA, 9808 United States Ynnwood WA 98087 United States of America Phone 5632058898."  The sender listed on SUBJECT PARCEL 2 was "Zipeng Zipeng 001 No. 133 Yin Qing Road Jiuting Town Shanghai Shanghai201100 China."  Pursuant to the border search authority, CBP Officers inspected the SUBJECT PARCEL 2.  The SUBJECT PARCEL 2 was found to contain two bags with approximately 55 grams powdery substance.

16.     The substance was tested by CBP Mobile Lab and presumptively identified the substances as Furanyl Fentanyl (2 grams) and Methoxyacetyl Fentanyl Citrate (53 grams).  Both substances are opioid analgesics, currently listed as a Schedule I controlled

Affidavit of SA Ly Tran - 4
USAO #2018R01154

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

substances.  The SUBJECT PARCEL 2 possessed a customs declaration identifying its contents as "camera strap" and listed a declared value of $5.00 USD.  The SUBJECT PARCEL 2 was seized by CBP Officer and transferred to HSI Seattle for further investigation.

17.     Based on my training and experience, and information relayed to me by other law enforcement personnel, I know that fentanyl is a Schedule I narcotic and a highly dangerous drug.  Fentanyl is a synthetic opioid that is fifty times more toxic than heroin.  In its purest form fentanyl is a white powder or in grains similar in size to table salt.  For most people, two to three milligrams of fentanyl is capable of inducing respiratory depression, arrest and possibly death.  Two to three milligrams of fentanyl are comparable in size to five to seven individual grains of table salt.

**B.     Surveillance**

18.     On September 12, 2018, at approximately 6:00 PM, HSI Special Agent (SA) Robert Patterson conducted surveillance at SUBJECT PREMISES, 16028 44th Ave. W., #21, Lynnwood, WA, 98087.  SA Patterson observed a white male, brown hair, large brown beard, and very muscular, exiting a black Lexus SUV bearing Washington plates BIS5926.  This vehicle registered to Scott E. Schoenen 8102 Hunter PL., Arlington, WA, 98223.  The white male then entered apartment number 21.  SA Patterson was able to confirm the white male as YOSHINOBU JAMES KITTLEY via YOSHINOBU JAMES KITTLEY's Facebook profile/picture (under the Facebook profile "Bo Kittley").

19.     On September 14, 2018, SA Patterson conducted surveillance at SUBJECT PREMISES, 16028 44th Ave. W., #21, Lynnwood, WA, 98087.  SA Patterson observed the Lexus parked in the parking lot of the apartment complex, directly in front of the SUBJECT PREMISES.  SA Patterson also observed YOSHINOBU JAMES KITTLEY enter the Lexus and drive to Starbucks Coffee and Whole Foods.

**C.     Record Checks and Shipper Background**

Affidavit of SA Ly Tran - 5
USAO #2018R01154

20.     I researched "Bo Kittley" via Facebook and found an exact match.  The profile picture of "Bo Kittley" Facebook account is the same individual on the Washington driver license photograph of YOSHINOBU JAMES KITTLEY.

21.     I spoke to Postal Service Inspector Michael Fischlin.  Inspector Fischlin confirmed that a review of postal business records revealed numerous parcels addressed in YOSHINOBU JAMES KITTLEY's name sent to the SUBJECT PREMISES.

22.     I also conducted record checks on the shipper, Lengxiang.  On June 27, 2018, CBP Officers at the San Francisco International Mail Center intercepted a parcel from China.  The sender's address was the same as the sender of PARCEL 1:  Lengxiang Shenzhen City Shangtu Niu Jia Technology Ltd., Fyong Xing Yi Road, Phoenix Street, Garden Building C 2605.  Further inspection of the parcel revealed that it contained approximately 14 grams of Fentanyl.

## KNOWLEDGE BASED ON TRAINING AND EXPERIENCE

23.     Based upon my training and experience, and conversations with other experienced law enforcement agents and officers who have been involved in narcotics cases, I know the following:

24.     The distribution of illegal narcotics is frequently a continuing activity lasting over months and years.  Persons involved in the trafficking of illegal controlled substances typically will obtain and distribute controlled substances on a regular basis, much as a distributor of a legal commodity would purchase stock for sale.   Similarly, such drug traffickers will maintain an "inventory" which will fluctuate in size depending upon the demand for and the available supply of the product.  Drug traffickers keep records of their illegal activities not only during the period of their drug trafficking violations but also for a period of time extending beyond the time during which the trafficker actually possesses/controls illegal controlled substances.  The records are kept in order to maintain contact with criminal associates for future transactions and so that the trafficker can have records of prior transactions for which the trafficker might still be

Affidavit of SA Ly Tran - 6
USAO #2018R01154

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

owed money or might owe someone else money.  Dealers often keep these records in their homes and in vehicles that they own, use, or have access to.

25.     It is common for drug dealers to conceal large quantities of currency, foreign currency, financial instruments, precious metals, jewelry, and other items of value which are proceeds from drug trafficking in their residences and in other storage areas associated with the residence, such as on-site storage lockers, garages, detached storage sheds, and parking stalls, or safes located on the property.

26.     Evidence of excessive wealth beyond an individual's outward means is probative evidence of the distribution of controlled substances.  Therefore, receipts showing the expenditure of large sums of money and/or the expensive assets are evidence of drug trafficking.   Drug traffickers commonly keep the expensive assets themselves and/or documentation of the purchase of the asset (receipts, warranty cards, etc.) in their homes, places of business, and in vehicles that they own, use, or have access to.

27.     It is common for drug dealers to maintain equipment and supplies (*i.e.*, scales, packaging, masking agents) on hand over a lengthy period of time, even when they do not have any controlled substances on hand.  The aforementioned items are frequently maintained in the dealer's homes, places of business, and in vehicles that they own, use, or have access to.

28.     Drug dealers often have some amount of inventory – namely, illegal drugs –stored in their homes, places of business, and in vehicles that they own, use, or have access to.

29.     It is common for drug dealers to possess firearms and ammunition to protect their drugs, assets, and persons from hostile gangs, rival traffickers, other criminals, and from law enforcement.  Persons who purchase and possess firearms also tend to maintain the firearms and ammunition for lengthy periods of time.  Firearms can be acquired both legally and unlawfully, without official/traceable documentation. Persons who acquire firearms from Federal Firearms Licensees, through deliberate fraud and concealment, often will also acquire firearms from private parties and other sources

Affidavit of SA Ly Tran - 7
USAO #2018R01154

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   unknown to ATF.  Persons who, whether legally or illegally, purchase, possess, sell
2   and/or transfer firearms or ammunition commonly maintain the firearms or ammunition
3   on their person, at their residence or business, or in a motor vehicle which they own
4   and/or operate.  Firearms or ammunition are often secreted at other locations within their
5   residential curtilage, and the identification of these firearms will assist in establishing
6   their origin.  Persons who purchase, possess, sell and/or trade firearms or ammunition
7   commonly maintain documents and items that are related to the purchase, ownership,
8   possession, sale and/or transfer of firearms, ammunition, and/or firearm parts, including
9   but not limited to driver's licenses, telephone records, telephone bills, address and
10  telephone books, canceled checks, receipts, bank records and other financial
11  documentation on the owner's person, at the owner's residence or business, or in vehicles
12  that they own, use, or have access to.  Additionally, these individuals often maintain
13  holsters, spare magazines or speed loaders and other instruments to facilitate the use of
14  firearms in furtherance of criminal activity or acts of violence.

15        30.     It is common for members of drug trafficking organizations, in an attempt
16  to disguise their identities and illegal activities, to use prepaid cellular telephones and
17  prepaid long distance calling cards.  Often the only way to connect a subject with a
18  particular prepaid cellular telephone or calling card is to seize the phone or calling card
19  from the trafficker or his residence.  The aforementioned items are frequently maintained
20  in the drug trafficker's residence, place of business, or other areas they have access to.

21        31.     Drug dealers regularly use cell phones and other electronic communication
22  devices to further their illegal activities.  As a result, evidence of drug dealing can often
23  be found in text messages, address books, call logs, photographs, emails, text messaging
24  or picture messaging applications, videos, and other data that is stored on cell phones and
25  other electronic communication devices.  Additionally, the storage capacity of such
26  devices allows them to be used for the electronic maintenance of ledgers, pay/owe logs,
27  drug weights and amounts, customers contact information, not only during the period of
28  their drug trafficking violations but also for a period of time extending beyond the time

Affidavit of SA Ly Tran - 8
USAO #2018R01154

during which the trafficker actually possesses/controls illegal controlled substances.  The records are kept in order to maintain contact with criminal associates for future transactions and so that the trafficker can have records of prior transactions for which the trafficker might still be owed money or might owe someone else money.

32.     Drug traffickers increasingly use applications on smart phones that encrypt communications such as WhatsApp, or applications that automatically delete messages, such as Snapchat, in order to avoid law enforcement monitoring or recording of communications regarding drug trafficking and/or money laundering.  Evidence of the use of such applications can be obtained from smart phones, and is evidence of a smart phone user's efforts to avoid law enforcement detection.

33.     Drug dealers often carry many of the items described above – including (but not limited to) drugs, drug proceeds, firearms, cellular phones – on their person.

## CONCLUSION

34.     Based on the information set forth herein, there is probable cause to search the above described SUBJECT PREMISES, as further described in Attachment A-2, and the person of YOSHINOBU JAMES KITTLEY, for evidence, fruits and instrumentalities, as further described in Attachment B, of crimes committed by the individuals listed in this affidavit and their coconspirators, specifically distribution of, and possession with intent to distribute, controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

## SEALING REQUEST

35.     It is respectfully requested that the Court issue an order sealing, until further order of the Court, all papers submitted in support of the requested warrants, including the application, this affidavit, the attachments, and the requested warrants.  I believe that sealing these documents is necessary because the information to be seized is relevant to an ongoing investigation and includes references to cooperating individuals. Premature disclosure of the contents of the application, this affidavit, the attachments, and the requested warrants may adversely affect the integrity of the investigation,

Affidavit of SA Ly Tran - 9
USAO #2018R01154

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    including giving targets a chance to destroy evidence or take other steps to hinder the

2    investigation.

3          I declare under penalty of perjury that the statements above are true and correct to

4    the best of my knowledge and belief.

5          DATED this 26th day of September, 2018.

6

7    _____

8          LY TRAN
     Special Agent
9    Homeland Security Investigations

10

11         The above-named agent provided a sworn statement attesting to the truth of the

12   contents of the foregoing affidavit on this 26th day of September, 2018.

13

14

15   _____

16         BRIAN A. TSUCHIDA
     Chief United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28

Affidavit of SA Ly Tran - 10
USAO #2018R01154

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ATTACHMENT A-1**

**SUBJECT PARCEL 1**

One International parcel addressed to "Yoshinobu Kittley, 16028 44th Ave. W., #21, Lynnwood, WA, 9808 United States of America" with a return address of "Lengxiang Shenzhen City Shangtu Niu Jia Technology Ltd., Fyong Xing Yi Road, Phoenix Street, Garden Building C 2605, Shenshen, Guangdong 518000." The delivery confirmation number is LY607617434CN.



ATTACHMENT A-1 - 1
USAO #2018R01154

**SUBJECT PARCEL 2**

1

2      One International parcel addressed to "Bo Kittley, 16028 44th Ave. W., #21,

3 Lynnwood, WA, 9808 United States. Ynnwood WA 98087 United States of America"

4 with a return address of "Zipeng Zipeng 001 No. 133 Yin Qing Road Jiuting Town

5 Shanghai Shanghai201100 China."  The delivery confirmation number is

6 LY621389287CN.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **ATTACHMENT A-2**

## **SUBJECT PREMISES**

The place to be searched is 16028 44th Ave W Apartment #21, Lynnwood, WA 98087. Apartment #21 is located within The Martin at Meadowdale complex.  Apartment #21 is located on the first floor of the building located on the west side of the complex. The building is a two-story structure that is blue in color with white trim.  Apartment #21 has a black in color door, with the number 21, in white, located on the door.  The door to Apartment #21 faces south toward the parking lot.



ATTACHMENT A-2 - 1
USAO #2018R01154

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970



ATTACHMENT A-2 - 2
USAO #2018R01154

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ATTACHMENT A-3

**PERSON TO BE SEARCHED**

This warrant authorizes the search of the person of YOSHINOBU JAMES

KITTLEY, the person associated with 16028 44th Ave. W., #21, Lynnwood, WA, 98087.



ATTACHMENT A-3 - 1
USAO #2018R01154

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE
5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# ATTACHMENT B

## LIST OF ITEMS TO BE SEARCHED AND SEIZED

This warrant authorizes the government to search for the following items:

Evidence and/or fruits of the commission of the following crimes:  Distribution and Possession with Intent to Distribute Controlled Substances, to wit, fentanyl, in violation of 21 U.S.C. § 841(a)(1).

1.     Controlled Substances:  Including but not limited to fentanyl, cocaine, MDMA and carfentanil.

2.     Drug Paraphernalia:  Items used, or to be used, to store, process, package, use, and/or distribute controlled substances, such as plastic bags, cutting agents, scales, measuring equipment, tape, hockey or duffel bags, chemicals or items used to test the purity and/or quality of controlled substances, and similar items.

3.     Drug Transaction Records:  Documents such as ledgers, receipts, notes, and similar items relating to the acquisition, transportation, and distribution of controlled substances.

4.     Customer and Supplier Information:  Items identifying drug customers and drug suppliers, such as telephone records, personal address books, correspondence, diaries, calendars, notes with phone numbers and names, "pay/owe sheets" with drug amounts and prices, maps or directions, and similar items.

5.     Cash and Financial Records:  Currency and financial records, including bank records, safe deposit box records and keys, credit card records, bills, receipts, tax returns, vehicle documents, and similar items; and other records that show income and expenditures, net worth, money transfers, wire transmittals, negotiable instruments, bank drafts, cashier's checks, and similar items, and money counters.

6.     Photographs/Surveillance:  Photographs, video tapes, digital cameras, surveillance cameras and associated hardware/storage devices, and similar items, depicting property occupants, friends and relatives of the property occupants, or suspected buyers or sellers of controlled substances, controlled substances or other contraband, weapons, and assets derived from the distribution of controlled substances.

7.     Weapons:  Including but not limited to firearms, magazines, ammunition, and body armor.

ATTACHMENT B - 1
USAO #2018R01154

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

8.     Codes:  Evidence of codes used in the distribution of controlled substances, including but not limited to passwords, code books, cypher or decryption keys, bitcoin wallet addresses, usernames and/or credentials for dark web marketplaces, and similar information.

9.     Property Records:  Deeds, contracts, escrow documents, mortgage documents, rental documents, and other evidence relating to the purchase, ownership, rental, income, expenses, or control of the premises, and similar records of other property owned or rented.

10.     Indicia of occupancy, residency, and/or ownership of assets including, but not limited to, utility and telephone bills, canceled envelopes, rental records or payment receipts, leases, mortgage statements, and other documents.

11.     Evidence of Storage Unit Rental or Access:  rental and payment records, keys and codes, pamphlets, contracts, contact information, directions, passwords or other documents relating to storage units.

12.     Evidence of Personal Property Ownership:  Registration information, ownership documents, or other evidence of ownership of property including, but not limited to vehicles, vessels, boats, airplanes, jet skis, all-terrain vehicles, RVs, and personal property; evidence of international or domestic travel, hotel/motel stays, and any other evidence of unexplained wealth.

13.     Individual and business financial books, records, receipts, notes, ledgers, diaries, journals, and all records relating to income, profit, expenditures, or losses, such as:
        a.     Employment records:  paychecks or stubs, lists and accounts of employee payrolls, records of employment tax withholdings and contributions, dividends, stock certificates, and compensation to officers.
        b.     Savings accounts:  statements, ledger cards, deposit tickets, register records, wire transfer records, correspondence, and withdrawal slips.
        c.     Checking accounts:  statements, canceled checks, deposit tickets, credit/debit documents, wire transfer documents, correspondence, and register records.
        d.     Loan Accounts:  financial statements and loan applications for all loans applied for, notes, loan repayment records, and mortgage loan records.
        e.     Collection accounts:  statements and other records.
        f.     Certificates of deposit:  applications, purchase documents, and statements of accounts.
        g.     Credit card accounts:  credit cards, monthly statements, and receipts of use.

     h.  Receipts and records related to gambling wins and losses, or any other contest winnings.

      i.  Insurance: policies, statements, bills, and claim-related documents.

      j.  Financial records: profit and loss statements, financial statements, receipts, balance sheets, accounting work papers, any receipts showing purchases made, both business and personal, receipts showing charitable contributions, and income and expense ledgers.

  14.  All bearer bonds, letters of credit, money drafts, money orders, cashier's checks, travelers checks, Treasury checks, bank checks, passbooks, bank drafts, money wrappers, stored value cards, and other forms of financial remuneration evidencing the obtaining, secreting, transfer, and/or concealment of assets and/or expenditures of money.

  15.  All Western Union and/or Money Gram documents and other documents evidencing domestic or international wire transfers, money orders, official checks, cashier's checks, or other negotiable interests that can be purchased with cash, to include applications, payment records, money orders, frequent customer cards, etc.

  16.  Negotiable instruments, jewelry, precious metals, financial instruments, and other negotiable instruments.

  17.  Documents reflecting the source, receipt, transfer, control, ownership, and disposition of United States and/or foreign currency.

  18.  Correspondence, papers, records, and any other items showing employment or lack of employment.

  19.  Telephone books, and/or address books, facsimile machines, any papers reflecting names, addresses, telephone numbers, pager numbers, cellular telephone numbers, facsimile, and/or telex numbers, telephone records and bills relating to co-conspirators, sources of supply, customers, financial institutions, and other individuals or businesses with whom a financial relationship exists. Also, telephone answering devices

ATTACHMENT B - 3
USAO #2018R01154

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101
(206) 553-7970

that record telephone conversations and the tapes therein for messages left for or by co-conspirators for the delivery or purchase of controlled substances or laundering of drug proceeds.

20.     Safes and locked storage containers, and the contents thereof which are otherwise described in this document.

21.     Tools:  Tools that may be used to open hidden compartments in vehicles, paint, bonding agents, magnets, or other items that may be used to open/close said compartments.

22.     Any and all mailing documents and packaging materials related to U.S. Postal Service to include USPS Express Mail labels, express mail and priority envelopes, first class mailings, receipts for USPS packages, and tracking information.

23.     Cell Phones: Cellular telephones and other communications devices may be seized, and searched only for the following items:

       a.     Assigned number and identifying telephone serial number (ESN, MIN, IMSI, or IMEI);
       b.     Stored list of recent received, sent, and missed calls;
       c.     Stored contact information;
       d.     Photographs related to the aforementioned crimes of investigation, or photographs that may show the user of the phone and/or co-conspirators, including any embedded GPS data associated with these photographs; and
       e.     Stored text messages, as well as any messages in any internet messaging apps, including but not limited to Facebook Messenger, iMessage, Wikr, Telegram, Signal, WhatsApp, Kik, and similar messaging applications, related to the aforementioned crimes of investigation or that may show the user of the phone and/or co-conspirators, including Apple iMessages, Blackberry Messenger messages or other similar messaging services where the data is stored on the telephone.

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970